FILED
June 09, 2020
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____akeitamichael_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and COMMONWEALTH OF MASSACHUSETTS *ex rel.* JAIDEEP S. CHAWLA,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, *et al.*,<br><br>Defendants. | 6:20-CV-362-ADA-JCM<br><br>**FILED UNDER SEAL** |

## UNITED STATES' MOTION TO DISMISS

The United States respectfully requests that the Court dismiss this frivolous *qui tam* action, which is a retread of a prior *qui tam* filed by relator in another district.[1] That prior action was dismissed **with prejudice** under Rule 41(b) for lack of prosecution, noncompliance with court orders, and "other aggravating circumstances." *See U.S. ex rel. Chawla v. IRS*, No. 1:19-CV-11283-NT, slip op. at 4 (D. Mass. Jan. 17, 2020); *see also U.S. ex rel. Chawla v. IRS*, No. 1:19-CV-11283-NT, 2020 WL 1930473 (D. Mass. Apr. 20, 2020) (denying Rule 59(e) motion to alter or amend judgment). Relator offers no reason why his obviously meritless claims should be given another airing before this Court. *See Nagle v. Lee*, 807 F.2d 435, 442–43 (5th Cir. 1987)

---

[1] Although relator's allegations are wide-ranging, the crux of his complaint is that President Barack Obama was the leader of a criminal enterprise involved in distributing narcotics, laundering money, rigging state and federal court systems, and conspiring to murder the late Justice Antonin Scalia. *See* Am. Compl. at 93–106, 260–61. The participants in this criminal enterprise allegedly caused the collapse of Lehman Brothers, which was relator's employer, and then deleted relator's emails to destroy evidence of this unlawful scheme. *Id.* at 109–14. According to relator, the ensuing financial crisis—coupled with the late Senator John McCain's agreement to sabotage his presidential campaign—diverted attention from the fact that then-Senator Obama was ineligible to be President of the United States. *Id.* at 114. Relator asserts that President Obama is not a natural-born citizen of the United States, that his birth certificate is a forgery, and that every judicial commission he signed is null and void. *Id.* at 114–17.

(dismissal with prejudice under Rule 41(b) for failure to prosecute is a final judgment on the merits that bars a subsequent action under doctrine of res judicata).

In any event, the United States has no interest in intervening to pursue relator's farcical allegations, and the law does not permit a *pro se* party to advance such allegations on the United States' behalf. Because the United States relies on relators to faithfully and adequately represent its interests when it declines to intervene in a *qui tam* action, it insists they be represented by counsel. *See U.S. ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017) ("[R]egardless of the right of anyone to represent himself *pro se*, he is not representing himself when he brings an action solely as relator for . . . the United States, and therefore cannot do so *pro se*."); *U.S. ex rel. White v. The Apollo Grp., Inc.*, No. EP-04-CA-452-DB, 2006 WL 487853, at *3 (W.D. Tex. Jan. 6, 2006) ("A *pro se* relator cannot prosecute a *qui tam* action because policy considerations forbid litigants to be represented by non-lawyers."). As another court recently noted:

> Whenever a relator brings a qui tam suit to court, the government's interest in the action comes along for the ride. Even if the United States does not intervene in a qui tam action . . . , [it] is bound by the relator's actions for purposes of res judicata and collateral estoppel. If we were to allow a qui tam plaintiff to proceed pro se, the government could be bound by an adverse judgment in the action. Moreover, because the FCA only allows for one person to bring a qui tam action based on the specific underlying facts, allowing a pro se relator to pursue a claim could very well prevent another better-equipped plaintiff from pursuing the claim.

*Wojcicki v. CANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020) (quotation marks and citations omitted). These concerns justify dismissal of this action regardless of the United States' views of the merits. *See, e.g.*, *U.S. ex rel. Mesi v. Nat'l Default Servicing Corp.*, No. 3:15-CV-00508-RCJ-VPC, 2017 WL 3749677, at *2 (D. Nev. Aug. 30, 2017) (granting motion to dismiss because "a *pro se* litigant may not pursue [*qui tam*] actions on behalf of the Government").

Were that not enough, most of the parties named as defendants are immune from suit in a *qui tam* action brought on behalf of the United States. Relator filed this action against, among others, the Internal Revenue Service, the Department of Justice, two former Presidents, three

United States Senators, six Members of the House of Representatives, the Chief Justice of the United States and three Associate Justices of the Supreme Court, and various other federal judges (including in this district and the Fifth Circuit). But the United States remains the real party in interest in a *qui tam* action, *see United States v. Tex. Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999), and it is axiomatic "the United States cannot sue itself," *Coleman v. U.S. Dep't of the Air Force*, No. SA-98-CA-0212-OG, slip op. at 1 (W.D. Tex. June 3, 1998) (dismissing *qui tam* action against federal agency). For this reason, a relator cannot assert *qui tam* claims against the head of a federal agency, *Doe v. Doe*, 134 F. App'x 229 (10th Cir. 2005), or against federal employees acting within the scope of their employment, *U.S. ex rel. Lachkovich v. United Parcel Serv., Inc.*, Civ. A. No. 01-2574 (RCL), slip op. at 3 (D.D.C. Jan. 9, 2003) (Lamberth, J.). And "[n]o court shall have jurisdiction over [a *qui tam*] action . . . against a Member of Congress [or] a member of the judiciary[.]" 31 U.S.C. § 3730(e)(2).[2]

Although dismissal of this action is warranted for any of the reasons outlined above, the False Claims Act itself further provides that "[t]he Government may dismiss [a *qui tam*] action notwithstanding the objections of the [relator] if the [relator] has been notified of the filing of the motion and the court has provided the [relator] an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A); *see also U.S. ex rel. May v. City of Dallas*, No. 3:13-CV-4194-N-BN,

---

[2] In addition to his allegations under the False Claims Act, relator purports to assert common law causes of action and violations of other state and federal statutes, including the Freedom of Information Act, 5 U.S.C. § 552; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*; and the Sherman Antitrust Act, 15 U.S.C. §§ 1 *et seq*. These claims must be dismissed for the additional reason that private parties cannot bring *qui tam* claims under these statutes or the common law. *See U.S. ex rel. Ligai v. ETS-Lindgren Inc.*, No. CIV.A. H-112973, 2014 WL 4649885, at *15 (S.D. Tex. Sept. 16, 2014) (relators are not permitted to "bring claims under the common law or other statutes, even if the claims relate to the same events"), *aff'd sub nom. U.S. ex rel. Ligai v. ESCO Techs., Inc.*, 611 F. App'x 219 (5th Cir. 2015); *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, No. EP-07-CV-247-PRM, 2008 WL 4277150, at *8 (W.D. Tex. Sept. 2, 2008) ("[R]elators cannot pursue common law causes of action on behalf of the Government.").

2014 WL 5454819, at *4 (N.D. Tex. Oct. 27, 2014) ("[T]he hearing requirement is satisfied by allowing the relator an opportunity to submit a response to the motion."). This provision affords the Government "an 'unfettered right' to dismiss a *qui tam* action filed on its behalf," based on the "historical prerogative to decide which cases should go forward in the name of the United States." *U.S. ex rel. Little v. Rolls-Royce N. Am., Inc.*, No. 1:19-CV-5-RP, slip op. at 6 (W.D. Tex. Oct. 3, 2019) (quoting *Swift v. United States*, 318 F.3d 250, 252–53 (D.C. Cir. 2003)); *accord U.S. ex rel. De Sessa v. Dallas Cty. Hosp. Dist.*, No. 3:17-CV-1782-K, 2019 WL 2225072, at *2 (N.D. Tex. May 23, 2019). A court must defer to the Government's decision to dismiss an action absent "convincing evidence of fraud on the court or any similar exceptional circumstance." *Rolls-Royce*, slip op. at 6 (quotation marks and ellipses omitted).[3]

For the reasons set forth above, and in light of the unfettered discretion afforded to it under 31 U.S.C. § 3730(c)(2)(A) to determine which cases should go forward in its name, the United States respectfully requests that the Court dismiss this action. Such dismissal should be **with prejudice to relator** as to any claims brought on behalf of the United States, but **without prejudice to the United States** as to any such claims. *See, e.g.*, *U.S. ex rel. Health Choice Alliance LLC v. Eli Lilly & Co., Inc.*, No. 517CV00123RWSCMC, 2019 WL 4727422, *1 (E.D.

---

[3] Although district courts in the Fifth Circuit have granted motions to dismiss based on the "unfettered discretion" formulation described above, some other courts require the Government to first identify a "valid government purpose" that would be accomplished by dismissal. *See U.S. ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998). This "valid government purpose" requirement is not a difficult hurdle to overcome: It is enough that dismissal will preserve the United States' resources by relieving it of the obligation to monitor an action post-declination. *See id.* at 1146 (approving district court's consideration of "the burden imposed by taxpayers by [relator's] litigation," including "internal staff costs" the Government would incur); *U.S. ex rel. Piacentile v. Amgen Inc.*, No. 04 CV 3983 SJ RML, 2013 WL 5460640, at *3 (E.D.N.Y. Sept. 30, 2013) (granting motion to dismiss based on Government's representation that it "prefer[red] to avoid expending further resources" on matter); *U.S. ex rel. Nicholson v. Spigelman*, No. 10 C 3361, 2011 WL 2683161, at *2 (N.D. Ill. July 8, 2011) (granting motion to dismiss where "the burdens on the government of monitoring the case . . . would cost the United States more in expenses than it can possibly recover").

Tex. Sept. 27, 2019) (granting dismissal "with prejudice as to [relator] and without prejudice as to the United States").

Dated: June 9, 2020

Respectfully submitted,

JOHN F. BASH
United States Attorney

By: _____
THOMAS A. PARNHAM, JR.
Assistant United States Attorney
New York Bar No. 4775706
903 San Jacinto Blvd, Ste 334
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5854
Email: thomas.parnham@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on June 9, 2020, I caused the foregoing to be served on relator at the below listed address via first class U.S. mail:

Jaideep S. Chawla
12 Lexington Avenue
Charlestown, MA 02129

_____
THOMAS A. PARNHAM, JR.
Assistant United States Attorney