UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA and COMMONWEALTH OF MASSACHUSETTS** *ex rel.* **JAIDEEP S. CHAWLA,** § § § § § § § § § § § §  Plaintiff, v. **INTERNAL REVENUE SERVICE,** *et al.*, Defendants. | C.A. NO. 6:20-CV-00362-ADA-JCM |

**ORDER AND REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
       **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the United States' Motion to Unseal Court Records ("U.S.' Mot. to Unseal", ECF No. 9) and the United States' Motion to Dismiss. ("U.S.' Mot. to Dismiss", ECF No. 8). For the reasons explained below, the undersigned **ORDERS** the United States' Motion to Unseal Court Records be **GRANTED.** Further, the undersigned **RECOMMENDS** that the United States' Motion to Dismiss should be **GRANTED**, and that Relator's Complaint should be

1

**DISMISSED** with prejudice to Relator as to all claims brought on behalf of the United States, but without prejudice to the United States.[1]

## I. BACKGROUND

Acting *pro se*, Jaideep S. Chawla ("Relator") brought a *qui tam* action alleging 176 counts against a multitude of Defendants. Pl.'s Am. Compl., ECF No. 4.[2] Relator first filed his complaint on June 5, 2020. Pl.'s Compl., ECF No. 1. In addition, Relator filed an *ex parte* motion to file the complaint *in camera* and under seal, pursuant to 31 U.S.C. § 3730(b)(2). Pl.'s Mot. to Seal, ECF No. 2. Relator then filed his amended complaint ("Complaint") on June 15, 2020, alongside another *ex parte* motion to file *in camera* and under seal. Pl.'s Am. Compl.; Pl.'s Mot. to Seal, ECF No. 4. In its Motion to Dismiss, the United States succinctly summarizes Relator's claims:

> Although relator's allegations are wide-ranging, the crux of his complaint is that President Barack Obama was the leader of a criminal enterprise involved in distributing narcotics, laundering money, rigging state and federal court systems, and conspiring to murder the late Justice Antonin Scalia. *See* Am. Compl. at 93–106, 260–61. The participants in this criminal enterprise allegedly caused the collapse of Lehman Brothers, which was relator's employer, and then deleted relator's emails to destroy evidence of this unlawful scheme. *Id.* at 109–14. According to relator, the ensuing financial crisis—coupled with the late Senator John McCain's agreement to sabotage his presidential campaign—diverted attention from the fact that then-Senator Obama was ineligible to be President of the United States. *Id.* at 114. Relator asserts that President Obama is not a natural-born citizen of the United States, that his birth certificate is a forgery, and that every judicial commission he signed is null and void. *Id.* at 114–17.

U.S.' Mot. to Dismiss at 1 n.1.

---

[1] The United States requested dismissal without prejudice to itself to prevent better-equipped plaintiffs from being bound to an adverse judgment. U.S.' Mot. to Dismiss at 2. In *qui tam* actions, a dismissal with prejudice to the relator, but not the United States, is permitted. *See, e.g., Health Choice All. LLC ex rel. United States v. Eli Lilly & Co., Inc.*, No. 517CV00123RWSCMC, 2019 WL 4727422, at *1 (E.D. Tex. Sept. 27, 2019) (granting dismissal "with prejudice as to [relator] and without prejudice as to the United States").

[2] Relator filed a Motion to Submit his Amended Complaint Under Seal (ECF No. 4). For the same reasons that the Court **GRANTS** the U.S.' Motion to Unseal, it will **DENY** Relator's Motion to Submit his Amended Complaint Under Seal. For the sake of clarity and in an abundance of caution, however, the Court will refer to the proffered Amended Complaint when addressing the Motion to Dismiss. Ultimately, nothing altered in the Amended Complaint is material to the Court's analysis.

Relator seeks declaratory judgment, injunctive relief, and compensatory awards relating to his action. Pl.'s Am. Compl. at 391–96. Invoking its discretion to choose which *qui tam* suits it pursues, the United States opted not to intervene in this action and filed a Motion to Dismiss in addition to a Motion to Unseal. U.S.' Mot. to Dismiss; U.S.' Mot. to Unseal. As of the date of this Report, Relator has yet to respond to either of the United States' motions.

## II. LEGAL STANDARD

1. **Unsealing judicial records in *qui tam* actions**

FCA claims are required to be filed under seal. *U.S. ex rel. Smart v. CHRISTUS Health*, No. 2:05-CV-287, 2013 WL 2289883, at *5 (S.D. Tex. May 22, 2013), *aff'd sub nom. U.S. ex rel. Smart v. Health*, 563 F. App'x 314 (5th Cir. 2014) (citing 31 U.S.C. § 3730(b)(2)). However, there is no requirement that the record stay under seal for a certain period of time or that it be unsealed at any time. *Id.* (citing 31 U.S.C. § 3730(b)(3)). District judges presiding over *qui tam* actions have "'the authority to unseal the documents filed before the government intervene[s] in [a] qui tam case' and also 'ha[ve] wide discretion in how to determine what documents, if any, should remain under seal, and how to make that determination.'" *Id.* (quoting *United States ex rel. Becker v. Tools & Metals, Inc.*, 2008 WL 3850522, at *2 (N.D. Tex. Aug. 19, 2008)).

2. **False Claims Act, 37 U.S.C. § 3729** *et seq.*

The False Claims Act ("FCA") allows private parties to bring suit against individuals that have submitted false claims for payment to the United States. 31 U.S.C. §§ 3729(a), 3730(b)(1). Such private parties are entitled to collect a portion of the damages recovered. *Id.* § 3730(d). Suits are brought on behalf of the United States, who has the exclusive opportunity to intervene. *Id.* § 3730(b)(1), (4)-(5). But the United States retains the right to dismiss the action, regardless of its decision to intervene. *Id.* § 3730(c)(2)(A) ("The Government may dismiss the

action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.").

For FCA claims, courts have determined that the hearing requirement of § 3730(c)(2)(A) is satisfied when the relator is given a "formal opportunity" to respond to the United States' motion. *Swift v. United States*, 318 F.3d 250, 253 (D.C. Cir. 2003); *see also United States ex rel. Johnson v. Raytheon Co.*, 395 F. Supp. 3d 791, 795 (N.D. Tex. 2019) (rejecting relator's claim to a live hearing, because a written response to the motion to dismiss suffices); *U.S. ex rel. May v. City of Dallas*, No. 3:13-CV-4194-N-BN, 2014 WL 5454819, at *4 (N.D. Tex. Oct. 27, 2014) (dismissing relator's *qui tam* action on United States' motion without a live hearing, since relator was on notice and had opportunity to respond).

   a. **Standards for evaluating a motion to dismiss from the United States in** *qui tam* **actions**

The FCA is not explicit as to the required standard courts should apply when evaluating the United States' motions to dismiss. Circuit courts have held differing stances. The D.C. Circuit adopted a deferential standard, reading the FCA to give the United States an "unfettered right" to dismiss an action. *Swift*, 318 F.3d at 252. But the Ninth and Tenth Circuits have applied a rational-basis test, requiring the United States to (1) identify a valid government purpose; and (2) show a rational relation between the suit's dismissal and the accomplishment of such purpose. *See U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998); *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 936 (10th Cir. 2005). After establishing a rational relation to a compelling purpose, the burden then shifts to the relator to demonstrate the United States' dismissal is "fraudulent, arbitrary and capricious, or illegal." *Id.*

## III. DISCUSSION

A. **The United States' Motion to Unseal is granted, and Relator's Motion to File his Amended Complaint Under Seal is denied.**

That the United States expressed its intention not to intervene in this suit sufficiently moves the Court to unseal all filings. *See Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 247 (4th Cir. 2011) ("If [the United States] intervenes or declines to intervene, the qui tam complaint and docket sheet are unsealed."); *see also U.S. ex rel. Cassaday v. KBR, Inc.*, 590 F. Supp. 2d 850, 852 (S.D. Tex. 2008) (unsealing the relator's complaint after the United States declined to intervene); *U.S. ex rel White v. Apollo Grp., Inc.*, No. EP-04-CA-452-DB, 2006 WL 1042881, at *1 (W.D. Tex. Apr. 17, 2006) (same). Taking the United States' declination into consideration—and given the Court's broad discretion in handling pre-trial procedural matters—the Court does not find an adequate basis to keep Relator's filings under seal. Thus, the Court **GRANTS** the United States' Motion to Unseal (ECF No. 9). Also, as discussed in fn. 2, *supra*, the Court, for the same reasons, **DENIES** Relator's Motion to File his Amended Complaint Under Seal (ECF No. 4).

B. **Similarly, the United States' Motion to Dismiss should be granted.**

Though it has not formally adopted the "unfettered discretion" standard, the Fifth Circuit has given broad deference to the United States' prosecutorial power under the FCA. *See Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753 (5th Cir. 2001) ("[T]he government retains the unilateral power to dismiss an action 'notwithstanding the objections of the person.'"); *Searcy v. Philips Elecs. N. Am. Corp.*, 117 F.3d 154, 160 (5th Cir. 1997) (same). Since Relator's Complaint would not survive under either standard, the Court will apply the slightly more demanding *Sequoia* test when analyzing the United States' Motion.

1. **The United States has identified compelling governmental purposes related to conserving judicial economy.**

The United States' stated purpose in seeking dismissal is to minimize resource expenditure and relieve the burden imposed on taxpayers by Relator's suit. Pl.'s Mot. to Dismiss at 4 n.3. The Ninth Circuit in *Sequoia* itself determined that resource preservation is a legitimate purpose. *Sequoia*, 151 F.3d at 1146 ("[T]he government can legitimately consider the burden imposed on the taxpayers by its litigation[.]"). The Fifth Circuit has also held, albeit in an entirely different context, that controlling expenditures of taxpayer money can constitute a compelling governmental interest. *See Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007). Here, the United States seeks dismissal not only to preserve litigation resources, but to "reliev[e] it[self] of the obligation to monitor an action post-declination." U.S.' Mot. to Dismiss at 4 n.3. As a result, the Court finds that the United States' purpose to conserve costs is adequately compelling.

Related to its interest in preserving resources, the United States additionally has a compelling interest to avoid being a party to meritless actions. *See May*, 2014 WL 5454819, at *3 (holding that the United States has established a compelling purpose to dismiss, in part by revealing relator's extensive history of bringing frivolous lawsuits). Here, Relator has an unfavorable history of filing meritless lawsuits.[3] Given Relator's persistent filing of frivolous and nonsensical litigation, and the shared characteristics in the present suit, government intervention would yield little, if any, benefit in relation to the costs. As such, the United States easily satisfies the first prong of the *Sequoia* standard.

2. **Dismissal is warranted because it is rationally related to achieving the United States' purposes in conserving its litigation resources.**

---

[3] *See Chawla v. Internal Revenue Serv.*, No. 19-CV-11283-NT, 2020 WL 1930473, at *1 (D. Mass. Apr. 20, 2020) (denying Relator's motion to amend the Court's final judgment in dismissing the action for failure to prosecute); *Chawla v. Pitter*, No. CV 14-14303-GAO, 2015 WL 6509119, at *1 (D. Mass. Oct. 28, 2015) (finding one of Relator's arguments to be "both nonsensical and unpersuasive"); *Chawla v. Appeals Court*, 482 Mass. 120 N.E.3d 326, 327, *cert. denied sub nom. Chawla v. Court of Appeals of Massachusetts*, 205 L. Ed. 2d 336 (2019) (affirming denial of Relator's complaint for mandamus relief).

Identifying a rational relation between seeking dismissal and achieving a compelling purpose is not meant to be arduous; rather, it suffices that there are "'plausible, or arguable, reasons'" supporting the United States' decision. *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 937 (10th Cir. 2005) (quoting *United States ex. rel. Sequoia Orange Co. v. Sunland Packing House Co.*, 912 F. Supp. 1325, 1341 (E.D. Ca. 1995). The United States' decision to dismiss is sufficiently rational if it determines that continuing litigation is unfruitful. *See Health Choice All.*, 2019 WL 4727422, at *3 ("Like any plaintiff, the Government has the option to end litigation it determines is too expensive or not beneficial."). Dismissing Relator's action is warranted because it directly advances the United States' stated purpose to preserve resources. *See* Pl.'s Mot. to Dismiss at 4 n.1.

If the United States declines to intervene, Relator may try the case on his own, provided the United States does not seek dismissal. *See* 31 U.S.C. § 3730(c)(3) ("If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action."). But allowing the case to proceed without the United States' intervention would still result in unnecessary expenditures for no ascertainable benefit. *See Sequoia*, 151 F.3d at 1146 ("[E]ven if the relators were to litigate the FCA claims, the government would continue to incur enormous internal staff costs."); *United States ex rel. Sibley v. Delta Reg'l Med. Ctr.*, No. 417CV000053GHDRP, 2019 WL 1305069, at *8 (N.D. Miss. Mar. 21, 2019) (Finding a rational relation for dismissal because the United States would otherwise have to monitor litigation and bear continued discovery costs); *United States ex rel. Harris v. EMD Serono, Inc.*, 370 F. Supp. 3d 483, 490 (E.D. Pa. 2019) ("Preserving litigation costs is a valid interest even where the claims may have merit.").

7

Accordingly, the Court concludes that the United States has satisfied the two-prong *Sequoia* standard. As a result, the burden now switches to Relator to demonstrate that dismissal is "fraudulent, arbitrary and capricious, or illegal." *Sequoia*, 151 F.3d at 1145. However, Relator fails to meet this burden because over one month has passed since the United States filed its motion and Relator has yet to respond to any of its arguments. After evaluating the case, the United States determined that the expenditures of continued participation do not support its involvement in this meritless action. The Court finds its explanation entirely rational to justify dismissing Relator's Complaint. As such, the Court **RECOMMENDS** that the United States' Motion to Dismiss should be **GRANTED**, and that Relator's Complaint should be **DISMISSED** with prejudice to Relator as to all claims brought on behalf of the United States, but without prejudice to the United States

### 3. Alternatively, claim preclusion warrants dismissing Relator's Complaint with prejudice.

Alternatively, dismissal with prejudice is also warranted on *res judicata* (claim preclusion) grounds. Claim preclusion bars plaintiffs from litigating claims that either have already been litigated or should have been raised in a prior suit. *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). Establishing claim preclusion involves four elements:

> (1) The parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

*Id.*

Parties are in privity for *res judicata* purposes if their interests are adequately represented by parties to the original suit. *White v. Fox*, 576 F. App'x 327, 331 (5th Cir. 2014). Parties are adequately represented if the parties in the prior action are "so closely aligned to [their] interests

as to be [their] virtual representative[s]." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992). Such representation requires "more than a showing of parallel interests—it is not enough that the non-party may be interested in the same questions or proving the same facts." *Id.*

Here, Relator named nearly two hundred additional parties as defendants alongside nearly all of the defendants in the prior action. *See* Pl.'s Am. Compl. at 25–83. The bulk of the new parties are comprised of President Obama's judicial appointees. *Id.* In the prior action, the only Obama appointees Relator named were judges from the District Court of Massachusetts. Complaint and Demand for Trial by Jury at 3, *Chawla v. Internal Revenue Serv.*, No. 19-CV-11283-NT (D. Mass. Jan. 3, 2019). But their inclusion involved the same claims that Relator alleges in this action. *See Chawla*, 2020 WL 1930473, at *2 n.2 ("The Plaintiff-Relator also claims that all of the judicial appointees of former President Barack Obama, whom he alleges was not born in the United States and thus was not eligible to be President, are not validly appointed federal judges[.]"). In effect, the interests of the appointees named in the prior action adequately represent all of President Obama's appointees in the present action.

The Court also finds that there is adequate representation with respect to the other parties. As previously mentioned, Relator's allegations are far-reaching, involving a criminal enterprise headed by President Obama. U.S.' Mot. to Dismiss at 1 n.1. Aside from the judicial appointees, Relator named several other individuals and entities who are also allegedly involved in the so-called enterprise. Pl.'s Am. Compl. at 95 ("Members of the ENTERPRISE include, but may not be limited to … current and former state and federal government officials, private individuals, at least one law firm, at least one newspaper company, and multiple universities."). These allegations are essentially unchanged from the prior action. *See* Complaint and Demand for Trial by Jury at 45, *Chawla v. Internal Revenue Serv.*, No. 19-CV-11283-NT (D. Mass. Jan. 3, 2019).

Despite not being named in the prior action, any additional named parties are within the scope of Relator's past allegations and share interests that are closely aligned to the previous parties. As such, the Court finds that privity is established.

The second and third factors for claim preclusion are also satisfied. The District Court of Massachusetts, which dismissed Relator's prior action, is a court of competent jurisdiction, since it had jurisdiction to hear a federal *qui tam* action. *Chawla*, 2020 WL 1930473, at *1. Further, the prior action was dismissed for Relator's failure to prosecute, which operates as a final judgment on the merits. *See id.* at *2; Fed. R. Civ. P. 41(b).

Finally, to determine whether the same claim was involved in both actions, the Fifth Circuit employs the "transactional test." *In re Southmark Corp.*, 163 F.3d at 934. The determinative factor is whether the two actions are based on "the *same nucleus of operative facts.*" *Id.* (quoting *In re Baudoin*, 981 F.2d 736, 743 (5th Cir.1993) (emphasis in original)). Here, Relator's Complaint is based on nearly identical factual allegations as his complaint in the prior action. *See Chawla*, 2020 WL 1930473, at *2 n.2.

Relator's prior complaint was dismissed with prejudice. *Chawla*, 2020 WL 1930473, at *2. In the interest of promoting finality to conserve judicial resources, the Court is prevented from arriving at a different conclusion and thus overburdening all parties by continuing this unnecessary action. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) ("[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). Since the elements of claim preclusion are established, the Court **RECOMMENDS** that the United States' Motion to Dismiss should be **GRANTED**, and that Relator's Complaint should be **DISMISSED** with prejudice.

4. **At minimum, Relator's non-FCA claims should be dismissed without prejudice due to lack of standing.**

Assuming, arguendo, that the elements of *Sequoia* were not met and that claim preclusion was not applicable to the present case, Relator's claims unrelated to the *qui tam* action should be dismissed, albeit without prejudice. Relator alleges causes of action related to violations of common law and other state and federal statutes. Pl.'s Am. Compl. at 296–373, 377–90. The FCA, however, specifically states that, "A person may bring a civil action for a *violation of section 3729* for the person and for the United States Government." 31 U.S.C. § 3730(b)(1) (emphasis added).

On its face, the statute does not allow Relator to assert other statutory and common law claims on behalf of the United States, and courts have disapproved of bringing such claims. *See U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 14 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Sols. LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("A relator in a *qui tam* FCA action does not have standing to assert common law claims based upon injury sustained by the United States."); *U.S. ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 28, 37 (D.D.C. 2003) ("While the FCA effects a partial assignment of the government's damages claims to relators, thus conferring standing upon them, it effects no such assignment of non-FCA causes of action.).

Given the fact that Article III standing is an "indispensable part" of a plaintiff's case, Relator lacks the requisite capacity to bring such claims as part of this suit. *In re Deepwater Horizon*, 753 F.3d 509, 512 (5th Cir. 2014). As a result, solely in the event that *Sequoia* is not satisfied and the elements of claim preclusion are not met, the Court **RECOMMENDS**, at minimum, that Relator's Complaint should be **DISMISSED** as to all non-FCA claims without prejudice for want of subject matter jurisdiction.

## IV. ORDER AND RECOMMENDATION

Upon consideration of the entire record in this case, and for good cause shown, the Government's Motion to Unseal Court Records is **GRANTED**, and that Relator's Motion to Submit his Amended Complaint Under Seal is **DENIED**. Accordingly, it is **HEREBY ORDERED** that the Complaint and all other filings in this matter be unsealed, and that the seal be lifted as to all other matters occurring in this action after the date of this Order and Report and Recommendation.

Additionally, after thoroughly reviewing the record, the undersigned **RECOMMENDS** that the United States' Motion to Dismiss should be **GRANTED**, and that Relator's Complaint should be **DISMISSED** with prejudice to Relator as to all claims brought on behalf of the United States, but without prejudice to the United States. Alternatively, as explained in Section III(B)(4), *supra*, the undersigned **RECOMMENDS** that Relator's Complaint should, at minimum, be **DISMISSED** without prejudice as to all non-FCA claims.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 30th day of July, 2020.**

_____
**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**