UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and COMMONWEALTH OF MASSACHUSETTS ex rel. JAIDEEP S. CHAWLA, | § § § § § | 6:20-CV-00362-ADA-JCM |
| Plaintiffs, | § § | **United States' Response in Opposition to [12] Motion for Appointment and [13] Motion for Preliminary Injunction** |
| v. | § § § | |
| INTERNAL REVENUE SERVICE, et al., | § § | |
| Defendants. | § § | |

**UNITED STATES' RESPONSE IN OPPOSITION TO RELATOR'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER AND RELATOR'S MOTION FOR PRELIMINARY INJUNCTION AS TO DEFENDANTS INTERNAL REVENUE SERVICE AND MASSACHUSETTS DEPARTMENT OF REVENUE**

The United States respectfully requests that the Court deny Relator Jaideep S. Chawla's motion for appointment of a special process server (ECF No. 12) and motion for a preliminary injunction (ECF No. 13).

On July 30, 2020, Judge Manske recommended that the Court grant the United States' motion to dismiss this frivolous *qui tam* action. (ECF No. 10.) Relator did not file an opposition to the United States' motion to dismiss, nor did he object to the magistrate judge's recommended disposition of that motion. Accordingly, the United States asks this Court to adopt the magistrate judge's recommendation, dismiss this action, and deny Relator's pending motions as moot. *See* Local Rule CV-7(e)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that district court may apply the "clearly erroneous" standard of review where party fails to objection to magistrate judge's recommendation).

Should the Court decide to address Relator's motions notwithstanding the United States' meritorious motion to dismiss, it should deny them for the reasons set forth below.

**1. Motion for Appointment of Special Process Server.** Relator asks this Court to appoint a special process server to serve the defendants. (ECF No. 12 at 1.) In the alternative, he asks the Court to extend and/or clarify the deadline for service. (*Id.*) Relator's request is premature, as the summons and complaint in a *qui tam* action "shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). It is only after the court orders service that Rule 4(m)'s 90-day deadline to serve the complaint commences. *See U.S. ex rel. Gudar v. Texas Dep't of Health*, No. H-00-CV-1169, 2002 WL 511483, at *1–2 (S.D. Tex. Feb. 12, 2002). Because the Court has not yet ordered Relator to serve the defendants, it would be inappropriate to appoint a special process server at this time.[1] Nor should the Court extend or clarify a deadline that does not yet exist. Instead, the United States respectfully requests that the Court deny Relator's motion.

**2. Motion for Preliminary Injunction.** Relator also seeks an injunction "halting any state and federal tax proceedings" against him, including "the Internal Revenue Service's ongoing audit and collection process and the associated, automatic tax assessment(s) from the Massachusetts Department of Revenue." (ECF No. 13 at 1.) This request runs afoul of the Tax Anti-Injunction Act, which provides—with limited exceptions—that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a); *see also Keese v. United States*, 632 F. Supp. 85, 89 (S.D. Tex. 1985) (explaining that the Act applies to requests to enjoin audits or other efforts by the IRS to "collect[] information that is intended to or may culminate in the assessment or collection of taxes"). A related statute provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *see Fontaine v. U.S. Gov't*, No. 04-CV-30080, 2004 WL 2284499, at *2

---

[1] Even were that not the case, a court should appoint a special process server only where "a particular person is needed or that person needs to be given an authority that is not available to the ordinary private process server." Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1091 (4th ed. 2020). Here, no special authority is needed to send a summons and copy of the complaint to each of the federal and state defendants by certified mail. *See* Fed. R. Civ. P. 4(i)(2) (service of United States agencies and officers); Mass. R. Civ. P. 4(d)(3) (service of Massachusetts agencies and officers).

(D. Mass. July 22, 2004) ("There is no question that Massachusetts provides taxpayers with 'plain, speedy and efficient' remedies.").

Even assuming Relator's motion for a preliminary injunction were not barred by 26 U.S.C. § 7421 and 28 U.S.C. § 1341, Relator provides no basis for this Court to award injunctive relief in this case:

> A preliminary injunction is an 'extraordinary remedy' that should be granted only if the movant establishes (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 536–37 (5th Cir. 2013) (citation omitted). Here, Relator has little likelihood of success on the merits, for the reasons already set forth in Judge Manske's recommendation on the motion to dismiss. Nor does Relator face irreparable injury in the absence of an injunction, as any allegedly improper tax assessment may be challenged at a later date by seeking a refund.[2] Finally, the public interest would be disserved by an injunction, particularly in light of the fact that Relator improperly seeks to enjoin the Internal Revenue Service (an agency of the United States) and the Massachusetts Department of Revenue (an agency of the Commonwealth of Massachusetts) in a case purportedly brought on behalf of the United States and the Commonwealth of Massachusetts. In effect, he seeks an order forcing the government to enjoin itself. (*See* ECF No. 8 at 3.)

WHEREFORE, the United States respectfully requests that the Court dismiss this action and deny as moot Relator's motion for appointment of a special process server and motion for a preliminary injunction.

---

[2] Indeed, Congress enacted § 7421 to "protect the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement interference, and to require that the legal right to the disputed sums be determined in a suit for refund." *Linn v. Chivatero*, 714 F.2d 1278, 1282 (5th Cir. 1983) (citations and quotation marks omitted).

Dated: October 16, 2020 	Respectfully submitted,

>	GREGG N. SOFER
>	United States Attorney
>
>	*/s/ Thomas A. Parnham, Jr.*
>	THOMAS A. PARNHAM, JR.
>	Assistant United States Attorney
>	New York Bar No. 4775706
>	903 San Jacinto Blvd, Suite 334
>	Austin, Texas 78701
>	(512) 916-5858 (tel)
>	(512) 916-5854 (fax)
>	thomas.parnham@usdoj.gov
>
>	*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that on October 16, 2020, I caused the foregoing to be served on Relator at the below listed address via first class U.S. mail:

Jaideep S. Chawla
379 Amherst Street #214
Nashua, NH 03063

>	*/s/ Thomas A. Parnham, Jr.*
>	THOMAS A. PARNHAM, JR.
>	Assistant United States Attorney